NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 23 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARTIN G. CHILDS,

        Plaintiff - Appellant,

and

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

SERVICE EMPLOYEES
INTERNATIONAL UNION; SERVICE
EMPLOYEES INTERNATIONAL UNION
LOCAL 503, OPEU,

        Defendants - Appellees.

No. 23-4334

D.C. No.
6:20-cv-01610-MK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Mustafa T. Kasubhai, Magistrate Judge, Presiding

Argued and Submitted June 11, 2025
Portland, Oregon

Before: SCHROEDER, TALLMAN, and OWENS, Circuit Judges.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Martin G. Childs, the former finance director of Service Employees International Union, Local 503, filed this qui tam action against his local and the international union, attempting to recover under the False Claims Act, 31 U.S.C. § 3729(a)(1)(A). Childs challenged the Defendants' use of state-controlled Medicaid funding allocated to trusts intended to benefit home care workers.

The district court dismissed the action on the ground that Childs had failed to allege that any false "claim" had been submitted to the federal government, as required under the Act. *See Cafasso*, *U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011). The Act defines a "claim" as "any request or demand . . . for money or property" made to the federal government or to an entity authorized to distribute federal funds. 31 U.S.C. § 3729(b)(2)(A). Childs alleged only that in the Local's LM-2 reports, filed with the government pursuant to federal reporting laws, the Local had misrepresented how the trust funding was used. Such reports, regardless of their truth or falsity, are not "claims," as they are not requests for money or property.

Childs contends that we can infer from the misrepresentations that false claims were submitted to secure the funding. No authority supports making such a supposition. The cases on which Childs relies involve claims, submitted to the government, that failed to disclose violations of legal requirements. *See, e.g., Universal Health Servs., Inc. v. United States*, 579 U.S. 176, 180–81 (2016)

(recognizing an "implied false certification" theory of liability). Not one is a case in which the plaintiff was unable to allege that any claim was ever made.

Although given ample opportunity by the district court to amend the complaint to cure the deficiency, Childs was unable to do so. Nor does he identify in this appeal any amendment that he would make to allege a "claim" under the Act. The district court therefore properly dismissed the action with prejudice. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009).

**AFFIRMED**.

23-4334